IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRACE LAURA STOVALL,             )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  11 C 5945
                                 )
ILLINOIS WORKERS COMPENSATION    )
COMMISSION, et al.,              )
                                 )
          Defendants.            )

MEMORANDUM ORDER

Grace Laura Stovall ("Stovall") has submitted a pro se Complaint for Violation of Constitutional Rights against Illinois Workers Compensation Commission Chairman Mitch Weisz, its Executive Director C. Parks and Arbitrator J. Prieto.[1] Stovall has accompanied her Complaint with two filled-out forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte because Stovall's effort to impose Section 1983 liability also cannot succeed against the individual defendants.

Arbitrator Prieto, who carries out an adjudicatory function on workers compensation claims, is pretty much a poster child for

---

[1] It is unclear from Stovall's self-prepared Complaint whether she is also seeking to name the Commission itself as a defendant (that seems possible from the way in which she has referred to it in the case caption). But that question can be ignored, because as an agency of the State of Illinois it shares the State's sovereign immunity, in addition to which the agency (like the State itself) is not a suable "person" under 42 U.S.C. §1983 ("Section 1983").

the functional approach to the doctrine of absolute immunity (after all, his function is pretty much equivalent to that of a judge in a court system). But such absolute immunity extends as well to Chairman Weisz and Executive Director Parks, as confirmed by such cases as <u>Heyde v. Pittenger</u>, 633 F.3d 512, 516-17 (7th Cir. 2011); see also <u>Tobin for Governor v. Ill. State Bd. of Elections</u>, 268 F.3d 517, 523-24 (7th Cir. 2001).

Accordingly both the Complaint and this action are dismissed because Stovall's targeted defendants are absolutely immune from liability. But even though that ends the case as framed, two other matters bear mention.

First, although the Complaint Narrative also states "For almost three (3) years I, Grace L. Stovall, have been ill advised, rendered misinformation and been the victim of malpractice on the part of the attorneys involved in my representation," the Complaint does not name the lawyers as defendants. But even if she wished to sue them, that would have to take place in a state court rather than the federal court because she has no federally-assertable claim against her counsel. Finally, this dismissal moots both the Application and the Motion, which are denied on that ground.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 30, 2011